Nos. 26-1331, 26-1352, 26-1366

# United States Court of Appeals for the Federal Circuit

DISH NETWORK L.L.C., DIRECTV, LLC,
*Appellants*

v.

ENTROPIC COMMUNICATIONS, LLC,
*Cross-Appellant*

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2024-00373, IPR2024-01060.

## JOINT SUBMISSION REGARDING STATUS OF APPEAL PENDING BANKRUPTCY PROCEEDINGS

Erik J. Halverson
K&L GATES LLP
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8238
erik.halverson@klgates.com

Jason A. Engel
K&L GATES LLP
70 W. Madison Street
Suite 3100
Chicago, IL 60602
Tel: (312) 807-4236
jason.engel@klagtes.com

*Counsel for Cross-Appellant Entropic Communications, LLC*

(*Counsel for Appellants listed on next page*)

Daniel C. Tucker
FINNEGAN, HENDERSON, FARABOW,
GARRETT AND DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Tel: (571) 203-2793
daniel.tucker@finnegan.com

Cory C. Bell
FINNEGAN, HENDERSON, FARABOW,
GARRETT AND DUNNER, LLP
2 Seaport Lane, 6th Floor
Boston, MA 02210
Tel: (617) 646-1641
cory.bell@finnegan.com

Yongyuan Gao Rice
FINNEGAN, HENDERSON, FARABOW,
GARRETT AND DUNNER, LLP
901 New York Avenue N.W.
Washington, DC 20001
Tel: (202) 714-5958
michelle.rice@finnegan.com

*Counsel for Appellant and Cross-Appellee*
*DirecTV, LLC*

# CERTIFICATE OF INTEREST

Counsel for Appellant DISH Network L.L.C. certifies the following:

1. Provide the full names of all entities represented by undersigned counsel in this case.

   **DISH Network L.L.C.**

2. Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

   **None.**

3. Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

   **DISH Network L.L.C. is a wholly-owned subsidiary of DISH DBS Corporation.**

   **DISH Network L.L.C. and DISH DBS Corporation are wholly-owned indirect subsidiaries of DISH Network Corporation.**

   **DISH Network Corporation is a wholly-owned subsidiary of EchoStar Corporation, with publicly traded equity (NASDAQ:ECHO).**

   **Over 10% of EchoStar Corporation's publicly traded stock is owned by FMR, LLC.**

4. List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

   **Fish & Richardson P.C.: Matthew P. Mosteller, John J. Thuermer, Timothy Riffe, Usman Khan, Richard A. Sterba, Aaron P. Pirouznia**

5. Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

   **Yes (*see* DISH's Notice of Related Case Information filed at Dkt. 10).**

6. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

**None/Not Applicable**

Dated: July 23, 2026

*/s/ Michael J. Ballanco*
Michael J. Ballanco

# CERTIFICATE OF INTEREST

Counsel for DirecTV, LLC certifies the following:

1. Provide the full names of all entities represented by undersigned counsel in this case.

   **DirecTV, LLC**

2. Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

   **None/Not Applicable.**

3. Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

   **TPG Capital**

4. List all law firms, partners, and associates that (a)appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

   **Finnegan, Henderson, Farabow, Garrett & Dunner, LLP: Daniel F. Klodowski, Safiya Aguilar, Victor Palace**

5. Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

   **Yes (*see* DirecTV's Notice of Related Case Information filed at Dkt. 18).**

6. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

   **None/Not Applicable.**

Dated: July 23, 2026

*/s/ Daniel C. Tucker*
Daniel C. Tucker

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 26-1331, 26-1352, 26-1366

**Short Case Caption** DISH Network L.L.C. v. Entropic Communications, LLC

**Filing Party/Entity** Entropic Communications, LLC

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/23/2026 Signature: /s/ Erik J. Halverson

Name: Erik J. Halverson

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Entropic Communications, LLC | | Entropic Holdings LLC |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Jared Lund<br>K&L Gates LLP | | |
| Joshua Andrews<br>K&L Gates LLP | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Pursuant to the Court's Order of July 9, 2026 (Dkt. 27), the parties provide the below positions regarding how they respectively believe the proceedings should proceed:

**Appellant and Cross-Appellee-Debtor DISH Network L.L.C.:**

Appellee-Debtor DISH Network L.L.C. ("DNLLC") respectfully submits that this appeal should be stayed pending DNLLC's ongoing bankruptcy proceeding. As explained in the notice of bankruptcy DNLLC filed with this court, DNLCC along with certain of its affiliates (each a "Debtor" and collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"). *See* Dkt. 31-1 at 1. As a Debtor, DNLCC is subject to the automatic stay provision of the Bankruptcy Code. *See id.* at 1-2 (citing 11 U.S.C. § 362(a)(1)-(3)); *see also Pixton v. B & B Plastics, Inc.*, 143 F. App'x 365 (Fed. Cir. 2005) (noting case was stayed after party filed bankruptcy petition and "thus the automatic stay provision of 11 U.S.C. § 362 was applicable").

Should Entropic intend to proceed in prosecuting this appeal, it does so at its own peril. Any action taken against a Debtor, including DNLLC, without obtaining from the Bankruptcy Court relief from the Automatic Stay may be void ab initio and result in a finding of contempt for violation of the Automatic Stay. *Id.* at 2.

To the extent Entropic disputes that the Automatic Stay applies to this IPR appeal, that is an issue it should raise with the Bankruptcy Court. *See, e.g.*, *Matter of PFO Glob., Inc.*, 26 F.4th 245, 255 (5th Cir. 2022) (holding that Circuit Court would "would defer to the bankruptcy court's reasonable resolution of any ambiguities" of scope of automatic stay); *Dr. Reddy's Labs. Inc. v. Pozen Inc.*, No. IPR2018-01341, 2018 WL 5099672, at *1 (P.T.A.B. Oct. 16, 2018) (determining that disagreement regarding application of Automatic Stay to IPR proceeding is issue "best addressed in the bankruptcy court").

**Appellant and Cross-Appellee DirecTV LLC:**

DirecTV believes that the Court should grant Appellants DISH and DirecTV's unopposed motion to dismiss (Dkt. No. 25) appeals No. 26-1331 and No. 26-1366. Once granted, appeal No. 26-1352 will continue with Entropic as the appellant. DirecTV does not take a position regarding how DISH's bankruptcy filing should impact this appeal. If this appeal is not stayed and proceeds forward, DirecTV intends to proceed as appellee pursuant to the case schedule set by the Court.

**Appellee and Cross-Appellant Entropic Communications, LLC:**

Entropic intends to honor the automatic stay in every respect. However, Entropic submits that the automatic stay does not apply in this appeal because the underlying action is not an action seeking relief against DISH, and the United States

Patent and Trademark Office ("USPTO") can step in to defend the decision Entropic is appealing.

DISH and DirecTV's Unopposed Motion to Dismiss (Dkt. 25) should be granted, converting Entropic from Cross-Appellant to Appellant and DirecTV or the USPTO should be afforded the opportunity to step in and defend the final written decision if it so desires.

Accordingly, Entropic believes this appeal can go forward without violating the automatic stay and the USPTO should be invited to step in in the event DISH declines to proceed with its role.

Dated: July 23, 2026

Respectfully submitted,

By: *<u>/s/ Erik J. Halverson</u>*

Erik J. Halverson
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8238

Jason A. Engel
K&L GATES LLP
70 W. Madison Street, Suite 3100
Chicago, IL 60602
Tel: (312) 807-4236

*Counsel for Cross-Appellant*
*Entropic Communications, LLC*

Dated: July 23, 2026

Respectfully submitted,

*/s/ Daniel C. Tucker*

Daniel C. Tucker
FINNEGAN, HENDERSON, FARABOW, GARRETT AND DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Tel: (571) 203-2793
daniel.tucker@finnegan.com

Cory C. Bell
FINNEGAN, HENDERSON, FARABOW, GARRETT AND DUNNER, LLP
2 Seaport Lane, 6th Floor
Boston, MA 02210
Tel: (617) 646-1641
cory.bell@finnegan.com

Yongyuan Gao Rice
FINNEGAN, HENDERSON, FARABOW, GARRETT AND DUNNER, LLP
901 New York Avenue N.W.
Washington, DC 20001
Tel: (202) 714-5958
michelle.rice@finnegan.com

***Counsel for Appellant and Cross-Appellee DirecTV, LLC***

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). Excluding the portions exempted by rule, the motion contains 550 words, as counted by the word-processing software used to prepare it.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and has been prepared in a proportionally spaced typeface using Microsoft® Word and 14-point Times New Roman type.

Dated: July 23, 2026

*/s/ Erik J. Halverson*
Erik J. Halverson

*Counsel for Cross-Appellant*
*Entropic Communications, LLC*